IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAURICIO HERNANDEZ, ) | |
|     ID # 2006565, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:19-CV-2183-N-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 12, 2019 (doc. 3). Based on the relevant findings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

Mauricio Hernandez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 conviction and sentence in Cause No. F13-33949-M in the 194th Judicial District Court of Dallas County, Texas. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On June 5, 2015, Petitioner was convicted of aggravated sexual assault of a child under 14 in Cause No. F13-33949-M and sentenced to 50 years' imprisonment. (*See* doc. 14-1 at 73-75.) On July 14, 2016, the Fifth District Court of Appeals modified the judgment of conviction to reflect

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the current action, 3:19-CV-2183-N-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that Petitioner had pled guilty to the offense of aggravated sexual assault of a child under 14, and to reflect the correct name of his trial counsel of record, and it affirmed the judgment as modified. (*See* doc. 14-13 at 11-13.) Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (*See* doc. 3 at 3.) He filed a state habeas application in the trial court on December 21, 2018. *See Ex parte Hernandez*, No. W13-33949-M(A) (194th Dist. Ct., Dec. 21, 2018). It was received and deemed filed by the Court of Criminal Appeals on February 1, 2019, which denied it without written order on February 27, 2019. (*See* doc. 14-14); *see also Ex parte Hernandez*, No. WR-89,491-01 (Tex. Crim. App. Feb. 27, 2019). His motion for a rehearing was dismissed on March 21, 2019. (*See* doc. 14-15.)

Petitioner now challenges his conviction and sentence on three grounds:

(1) "Wrongfully indicted" abusing its discretion for harm;

(2) "Illegally demonstrative", intrinsic evidence; and

(3) "Ineffective assistance" of counsel.

(doc. 3 at 6-7.) The response, filed on January 13, 2020, contends that the petition is barred by the statute of limitations. (*See* doc. 15.) Petitioner filed a motion for rehearing on December 11, 2020, which the Court liberally construed as a reply to Respondent's response. (*See* docs. 16, 17.)

## II.     STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Petitioner did not file a PDR with the Texas Court of Criminal Appeals, his conviction became final for purposes of 2244(d)(1)(A) on the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed, as modified, on direct appeal on July 14, 2016. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). His conviction became final on Saturday, August 13, 2016, so he had until the next business day, Monday, August 15, 2016, to seek further review from the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 4.1. Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

3

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, August 13, 2016. Petitioner filed this habeas action over three years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

A.      **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas application was received by the trial court and the Court of Criminal Appeals on December 21, 2018, and February 1, 2019, respectively, over one year after his limitations period expired on August 13, 2017. It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

B.      **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where

[one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner claims he has "new documentary evidence which was hidden from him and now he has at use." (doc. 16 at 4.) He does not identify this new evidence, however. He has not met his burden to show that he has been pursuing his rights diligently, or that an extraordinary circumstance prevented him from timely filing his petition. He has failed to meet his burden to show that he is entitled to equitable tolling.

**C.      Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569

U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case such as this one. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031 at *3 (N.D. Tex. March 7, 2014) (citing cases). Even if *McQuiggin* applies, Petitioner does not allege that he is actually innocent of aggravated sexual assault of a child under 14, and his claims do not present evidence of actual innocence for this conviction. Accordingly, he cannot overcome the applicable AEDPA limitations period on this basis. His § 2254 motion should be denied as untimely.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 12, 2019 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 28th day of December, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE