**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MAURICIO HERNANDEZ,** | ) | |
| **ID # 2006565,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:19-CV-2183-N-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petitioner's Motion in Opposition to the Court's Order Regarding Statute of Limitations*, received on May 11, 2021 (doc. 27). Based on the relevant filings and applicable law, the motion should be construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

## I.    BACKGROUND

On September 12, 2019, Mauricio Hernandez (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 conviction and sentence in Cause No. F13-33949-M in the 194th Judicial District Court of Dallas County, Texas. (*See* doc. 3.) On December 28, 2020, it was recommended that the petition be denied with prejudice as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. (*See* doc. 18.) Petitioner objected to the recommendation on January 14, 2021, arguing, in part, that the Court erred by finding that his claims were time-barred without conducting an evidentiary hearing or discovery, that his constitutional claims have no expiration under the AEDPA, that his state petition for a writ of

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

habeas corpus was filed three years after his conviction because it "had no immediate cause," that there was a misstatement in the recommendation's summary of his procedural history, and that there were no findings of fact on the merits of his claims.  (doc. 21 at 1-5.)  He also repeated his § 2254 allegations of the existence of unidentified "new evidence" and claimed he was entitled to relief under "actual innocence."  (*Id.* at 6.)  On February 12, 2021, the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment.  (*See* docs. 22, 23.)  Petitioner appealed the denial of his § 2254 petition on April 19, 2021.  (*See* doc. 24.)

Petitioner again opposes the Court's finding that his § 2254 petition was barred by the statute of limitations, and claims that "RULE LAW, and COURT PRECEDENT requires further proceedings and that summary disposition would be an ABUSE OF DISCRETION committed in PLAIN ERROR."  (doc. 27 at 7.)

## II.    FED. R. CIV. P. 60(B)

Petitioner's motion clearly seeks relief from the judgment in this habeas case.  "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").  Because Petitioner's motion was filed nearly three months after entry of judgment, it is properly construed as arising under Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).[2]

---

[2] **Error! Main Document Only.**Under *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Petitioner's motion does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule

---

claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges a "defect in the integrity of the habeas proceedings" or a procedural ruling that precluded a merits determination is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 532; *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018). Procedural rulings that may be challenged under Rule 60(b) include "a denial for reasons such as failure to exhaust, procedural default, or state-of-limitations bar." *Id.* at 532 n. 4; *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019). Here, Petitioner challenges the denial of his petition as time-barred, so his Rule 60(b) motion is not a second or successive habeas petition.

should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Petitioner alleges that the denial of his habeas petition as barred by the statute of limitations "was an expected tactic construed to a delay, some exposition, or to hide judicial misconduct. Since everything started way at the appellate process at the state level, Petitioner feels it was done in an attempt to shield either the presiding judge and[/]or other officials from prosecution for corruption, the United States District Court in the Northern District of Texas, Dallas Division truly is in a downward departure for Petitioner's said conviction." (doc. 27 at 2.) He also alleges that he is innocent and the State of Texas convicted him of a crime he did not commit, and claims that the law requires that he be heard on the factual allegations of his claims. (*See id.* at 2-3, 5.)

As noted, Petitioner's § 2254 petition was found to be barred by the one-year statute of limitations in the AEDPA. (*See* docs. 18, 22, 23.) Because his federal petition was found to be untimely, the Court was not required to reach the merits of his claims or review the state habeas or trial court's decisions. Although Petitioner expresses disagreement with this finding and offers conclusory allegations unsupported by any evidence, he has failed to come forward with new, relevant facts, evidence, or persuasive legal precedent showing that his claim is not barred by the applicable statute of limitations. Nor has he demonstrated exceptional circumstances warranting relief under Rule 60(b)(6). Accordingly, Petitioner's motion should be denied.

4

## III.    RECOMMENDATION

The *Petitioner's Motion in Opposition to the Court's Order Regarding Statute of Limitations*, received on May 11, 2021 (doc. 27), should be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

**SIGNED this 14th day of May, 2021.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE